JUDGE KATHLEEN CARDONE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2010 JAN 13 AM 11: 42

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) |
| | ) CIVIL ACTION NO. _____ |
| v. | ) |
| | ) |
| 8.3 POUNDS OF GOLD, more or less | ) |
| | ) EP10CV0014 |
| Respondent. | ) |

### VERIFIED COMPLAINT FOR FORFEITURE

Comes now Petitioner United States of America, acting by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, pursuant to Title 28 U.S.C. Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and respectfully states as follows:

### I.

### JURISDICTION AND VENUE

The Court has original jurisdiction of all civil actions, suits or proceedings commenced by the United States under Title 28 U.S.C. § 1345 and over an action for forfeiture under Title 28 U.S.C. § 1355(a). This Court has *in rem* jurisdiction over the Respondent Properties under Title 28 U.S.C. §§1355(b) and 1395(a). Venue is proper in this district pursuant to Title 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

The Respondent Property was seized at the Bridge of the Americas Port of Entry in El Paso, Texas, on November 10, 2008, by Immigration and Customs Enforcement Agents. The Respondent Property has remained in the custody of the United States Department of Homeland Security and Immigration and Customs Enforcement Agency, within the jurisdiction of the United States District

Court, Western District of Texas, El Paso Division, and shall remain within the jurisdiction of the court pending litigation of this case.

## II.
## DESCRIPTION OF RESPONDENT PROPERTY

The Respondent Property is described as 8.3 pounds of gold, more or less.

## III.
## VIOLATIONS

This is a civil forfeiture action *in rem* brought for violations of Title 18 U.S.C. § 545, and subject to forfeiture to the United States of America pursuant to Title 18 U.S.C. § 545:

> **§ 545 Civil Forfeitures**
> **Civil forfeiture of merchandise introduced into the United States in violation of section 545, which prohibits, among other things, knowingly and willfully smuggling or clandestinely introducing merchandise into the country without declaring it, with intent to defraud the United States; presenting false, forged, or fraudulent invoices upon entry into the United States; and fraudulently knowingly importing or bringing merchandise into the United States.**

## BURDEN OF PROOF

At trial, the United States of America will establish by a preponderance of the evidence that the Respondent Property is subject to forfeiture and should be forfeited to the United States of America as alleged by the Verified Complaint for Forfeiture.

## V.

## FACTS IN SUPPORT OF VIOLATIONS

On November 10, 2008, at approximately 1320 hours, URIAS, Alfredo applied for entry into the United States from the Republic of Mexico at the Bridge of the Americas Port of Entry, El Paso, Texas. URIAS was the driver and sole occupant of a green 1988 Honda Accord bearing Texas registration 830DXD.

URIAS approached lane number seven primary inspection booth. URIAS handed US Customs and Border Protection Officer Jose Torres his Sentri card, which authorizes a United States Citizen use of the Dedicated Commuter Lane, along with his California Driver's License. Officer Torres immediately noticed that URIAS' hand was shaking as he presented his driver's license. Officer Torres asked URIAS where he was going and URIAS stated that he was going to visit his grandmother in El Paso. Officer Torres asked URIAS what he had gone to do in Mexico. URIAS responded that he was visiting his father. Officer Torres asked URIAS where he lived and URIAS replied that he lived in San Diego. Officer Torres asked URIAS when he was going back to San Diego and URIAS replied that he was returning to San Diego that same day. Officer Torres asked URIAS how much money he had and if he was carrying over $10,000.00 USD in checks or money orders and URIAS responded that he only had $40.00 USD. Officer Torres then noticed that both inspection stickers on the vehicle were expired. Officer Torres also noticed that URIAS had no luggage with him in the vehicle. Officer Torres then referred URIAS and the green 1988 Honda Accord into CBP secondary for further inspection.

In secondary inspection, Officer Castaneda asked URIAS how much money he had in his possession and URIAS proceeded to show Officer Castaneda his wallet, which contained $40.00 USD. Officer Castaneda noticed that URIAS was visibly nervous as both of URIAS' hands were trembling as he opened up his wallet. Officer Castaneda asked URIAS if he had any food products, alcohol, tobacco, firearms or drugs in the vehicle. URIAS responded that he did not. Officer Castaneda asked URIAS if he accepted responsibility for everything that was in his vehicle. URIAS then looked around at the interior of the vehicle and replied "yes". Officer Castaneda then asked URIAS to exit the vehicle so that an inspection of the vehicle could be conducted.

During the inspection of the vehicle, a zip lock plastic bag with several bars of a yellowish metal was found concealed under a compartment in the center console. When asked what it was, URIAS replied that it was gold. URIAS also mentioned that it belonged to his father and he knew that the gold was in the vehicle. Special Agent Michelle Malfavon and Special Agent Michael Edens continued the investigation by reading URIAS his miranda rights. At 1630 hours, URIAS acknowledged in writing that he understood his rights and agreed to make a statement without the presence of an attorney. URIAS stated that his father owns seven jewelry stores in Ciudad Juarez, Mexico by the name of Urias Joyas Finas. URIAS stated that if he had to estimate, he thought the gold in his possession was approximately ten karats. URIAS was asked if he knew about the reporting requirements and URIAS stated that he did and that in fact he is a commercial banker at Wells Fargo who has Mexican clients. URIAS stated that he is constantly educating his Mexican clients about the reporting requirements. URIAS stated that he was fully aware of the reporting requirements on any goods being brought into the US and of the $10,000.00 USD threshold on US currency. URIAS commented that his employer, Wells Fargo, has to comply with those reporting requirements as well.

At approximately 1914 hours, a consent to search was signed by URIAS for the Apple iPhone cellular phone found in URIAS possession. A search of the Apple iPhone cellular phone revealed a map showing directions to the address of 8555 Yermoland, El Paso, Texas 79907. A search of the address revealed the location to be NTR Metals, which is a premier precious metal refiner who buys all karat gold jewelry and scraps. The inbox section revealed two emails of significance. The first email dated November 5, 2008 at 1229 hours, was addressed to slewis@ntrmetals.com and stated "Sam, since our last call I have done some research to see what other options exist in the market for

me to sell gold and did find.....". The entire message could not be retrieved directly from the iPhone at this time. The second email was sent to URIAS on November 7, 2008 at 0710 hours and stated "Earn twice as much for unwanted gold" in the subject line. The entire message could not be retrieved directly form the iPhone at this time. Several phone numbers were found in the contact list. Also, the notes section of the Apple iPhone revealed a to do list written in the Spanish language. The last item listed was "vender oro en paso" which is translated to "sell gold in paso."

Queries of ICE databases revealed that eleven phone numbers found in URIAS' Apple iPhone are linked to other ICE investigations.

## VI.
## PRAYER

That by virtue of the facts and circumstances supporting the seizure and forfeiture of the Respondent Property, as contained in the aforementioned actions, uses, and premises and/or intended actions, uses, and premises, the Respondent Property is subject to forfeiture to the United States of America pursuant to the provisions of Title 18 U.S.C. § 545.

WHEREFORE, the Petitioner, United States of America, prays as follows:

1. That public notice shall be issued through an official Internet government forfeiture site for at least thirty (30) consecutive days, pursuant to Rule G(4)(a)(iv)( C), Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions. Any person claiming a legal interest in the Respondent Properties must file a Verified Claim with the court within **sixty (60)** days from the first day of publication of this Notice and an Answer within **twenty (20)** days thereafter. Title 18, United States Code, Section 983(h)(1) permits a court to impose a civil fine on anyone asserting an interest in properties that the court determines is frivolous. The Verified Claim and Answer must

be filed with the Clerk of the Court, 511 E. San Antonio, El Paso, Texas 79901 and copies of each served upon Assistant United States Attorney David R. Rosado, 700 E. San Antonio, Ave., Suite 200, San Antonio, El Paso, Texas 79901, or default and forfeiture will be ordered. *See* 18 U.S.C. § 983(a)(4)(A) and Rule G(5) of the Supplemental Rules of Admiralty or Maritime Claim and Asset Forfeiture Actions.

2. That notice to known potential claimants shall be by direct notice. Any persons asserting an interest in or claim against the Respondent Property who have received direct notice of the forfeiture action must file a Verified Claim with the Clerk of the United States District Court, 511 E. San Antonio, El Paso, Texas 79901, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, **thirty-five (35)** days after the notice was received and an Answer within **twenty (20)** days thereafter. Copies of the Verified Claim and Answer must be served upon Assistant United States Attorney David R. Rosado, 700 E. San Antonio Ave., Suite 200, El Paso, Texas 79901, or default and forfeiture will be ordered. *See* 18 U.S.C. § 983(a)(4)(A) and Rule G(5) of the Supplemental Rules of Admiralty or Maritime Claim and Asset Forfeiture Actions;

3. That Warrant of Arrest *in rem* issue to the United States Department of Homeland Security, Immigration and Customs Enforcement Agency for the Western District of Texas or any other authorized law enforcement officer or any other person or organization authorized by law to enforce the warrant, commanding the arrest of the Respondent Properties;

4. That the United States Department of Homeland Security, Immigration and Customs Enforcement Agency be granted the authority by the Court, upon arrest of the Respondent Property, to designate any other authorized law enforcement agency or any other authorized person or

organization to act as substitute custodian of the Respondent Property;

5. That Judgment of Forfeiture be decreed against the Respondent Property;

6. That upon Final Decree of Forfeiture, the United States Department of Homeland Security, Immigration and Customs Enforcement Agency shall dispose of the Respondent Property in accordance with law; and

7. For costs and for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

JOHN E. MURPHY
United States Attorney

By: _____
David R. Rosado
Assistant United States Attorney
700 E. San Antonio Ave. Suite 200
El Paso, TX 79901
Tel: 915-534-6884
Fax: 915-534-3461
Texas State Bar No. 17242000

## VERIFICATION

**STATE OF TEXAS**          )
                            )
**COUNTY OF El PASO**    )

Special Agent, Michelle Malfavon declares and says that:

1. I am a Special Agent with the United States Department of Homeland Security-Immigration and Customs Enforcement, assigned to the El Paso District Office, and am the investigator responsible for the accuracy of the information provided in this litigation;

2. I have read the above Verified Complaint for Forfeiture and know the contents thereof; that the information contained in the Verified Complaint for Forfeiture has been furnished by official government sources; and based on information and belief, the allegations contained in the Verified Complaint for Forfeiture are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 13 day of January, 2010.

                                        Michelle Malfavon, Special Agent
                                        Immigration and Customs Enforcement

Subscribed and sworn to before me on this the 13 day of January, 2010.


LARA L. TAYLOR
MY COMMISSION EXPIRES
June 20, 2012

                                      Notary Public in and for the State of Texas

My Commission Expires: June 20, 2012